UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:08-CV-179

**BRIAN D. ROMINES**                                                                       **PLAINTIFF**

v.

**ELIZABETH WALKUP, ARNP,**
**SOUTHERN HEALTH PARTNERS, INC.**                                           **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court upon Defendant Elizabeth Walkup's Motion to Dismiss and/or Motion for Summary Judgment (Docket #40) and Defendant Southern Health Partners Motion to Dismiss or for Summary Judgment (Docket #43). Plaintiff has responded (Docket #42, 47). Defendant Walkup has replied (Docket #44, 49). This matter is now ripe for adjudication. For the following reasons, Defendant Walkup's Motion to Dismiss and/or Motion for Summary Judgment is GRANTED, and Defendant Southern Health Partner's Motion to Dismiss or for Summary Judgment is GRANTED.

## BACKGROUND

Plaintiff Brian Romines has filed suit against Defendants Elizabeth Walkup, ARNP, and Southern Health Partners, Inc. under 42 U.S.C. § 1983. Romines alleges that Walkup's treatment of his medical conditions while incarcerated at Warren County Regional Jail was negligently performed and improper to the extent that his constitutional rights were violated. Romines's allegations deal specifically with a hair follicle disorder affecting his legs and groin, and a staph infection affecting his torso.

Southern Health Partners, Inc. provides medical services for Warren County Regional Jail. Walkup is employed by Maynard & Adams Medical Clinic in Franklin, Kentucky.

Maynard & Adams Medical Clinic operates under a contract with Southern Health Partners, Inc. to provide medical services at various locations, including Warren County Regional Jail. Walkup treated Romines on several occasions while he was incarcerated at Warren County Regional Jail.

The Court undertook an initial screening of Plaintiff's *pro se* complaint pursuant to 28 U.S.C. § 1915A, and determined that Plaintiff's Eighth Amendment and state-law negligence claims could proceed. Defendants now seek to dismiss this action for lack of prosecution. In the alternative, Defendants have moved for summary judgment.

## DISCUSSION

### I. Motion to Dismiss for Lack of Prosecution

Defendants move to dismiss for lack of prosecution based on Plaintiff's deficient discovery responses and Plaintiff's failure to timely file his pretrial memorandum. Further, Defendants argue that Plaintiff's pretrial memorandum is "wholly lacking in substantive material indicating how the Plaintiff intends to prove his case." Under Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss a claim "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b).

Plaintiff filed his answers to Defendants' discovery requests on July 13, 2009. This response was within the thirty day time period set by Federal Rules of Civil Procedure 36(a)(3), since the discovery requests were sent on June 17, 2009. The Court acknowledges that Plaintiff's discovery responses are sparse and reference outside material. *See, e.g.*, *DL v. Dist. of Columbia*, 351 F.R.D. 38, 48 (D.D.C. 2008) ("Because Rule 33(b)(1) requires a party to answer each interrogatory 'fully,' it is technically improper and unresponsive for an answer to an

2

interrogatory to refer to outside material . . . ."). However, the Court does not believe that these actions by Plaintiff are enough to constitute dismissal of the action for lack of prosecution.

Defendants also assert that Plaintiff's pretrial memorandum was untimely filed. Plaintiff argues that his pretrial memorandum was timely notarized and placed in the mail on November 17, 2009. The deadline for Plaintiff to file his pretrial memorandum was set by this Court for November 18, 2009. Plaintiff's pretrial memorandum was filed on November 19, 2009. However, because Plaintiff is incarcerated, the "prison mailbox rule" applies. In *Houston v. Lack*, 487 U.S. 266 (1988), the Supreme Court held that a pro se prisoner's pleading is "filed" at the time it is delivered to prison officials for mailing to the Court. *Id.* at 276; *Lyons-Bey v. Pennell*, 93 Fed. App'x 732 (6th Cir. 2004) (prison mailbox rule also applies to responses filed in civil suits). Focusing on the pleading's stamp date "overlooks the 'prison mailbox rule.'" *Brand v. Motley*, 526 F.3d 921 (6th Cir. 2008). Absent contrary evidence, the "handing-over" occurs on the date the pleading was signed. *Id.* at 925 (internal citation omitted). Plaintiff asserts that he handed over his pretrial memorandum for mailing on November 17, 2009. The envelope in which his pretrial memorandum was mailed is stamped November 18, 2009. Therefore, Plaintiff's pretrial memorandum was timely filed.

Plaintiff's pretrial memorandum consists of two pages which set out a list of the documents and medical records that Plaintiff intends to rely on in proving his case. Plaintiff also references approximately 125 pages of discovery that Defendants may review. The Court acknowledges that the pretrial memorandum lacks substantial information. However, a pro se plaintiff's pleadings are held to a less stringent standard than that of an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Moreover, the filing of the pretrial memorandum supports the

notion that plaintiff is proceeding with his case. Therefore, the Court cannot find that Plaintiff's conduct constitutes a "lack of prosecution."

**II.     Summary Judgment**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Defendants assert that summary judgment is appropriate on all claims. First, Defendants argue that Plaintiff has failed to allege deliberate indifference, as is required to make out a claim

4

under the Eighth Amendment. Defendants also argue that Plaintiff's negligence and malpractice claims must fail because Plaintiff has failed to disclose an expert witness, as required by Kentucky law.

To establish a claim under the Eighth Amendment, the plaintiff must demonstrate "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference is judged objectively and subjectively. *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). Under the objective prong, an inmate must demonstrate a "sufficiently serious medical need" which is obvious to a layperson. *Mingus v. Butler*, --- F.3d ----, 2010 WL 9978, *3-4 (6th Cir. 2010) (internal citations omitted). To demonstrate the subjective prong, the inmate must demonstrate that the official knew and disregarded an excessive risk to the inmate's health and safety. *Id.* at *4. An accident, "inadvertent failure to provide adequate medical care," or an act of negligence does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 105. Defendants allege that Plaintiff has failed to allege any misconduct beyond negligence, and therefore, Plaintiff's Eighth Amendment claim must fail.

Plaintiff's complaint alleges that the medical staff who attended to him refused to give him certain medicines, would not see him when he requested, and put him on an antibiotic that makes him sick. To survive summary judgment, however, Plaintiff may not rely solely on accusations in his complaint. Fed. R. Civ. P. 56(e)(2). Instead, Plaintiff must respond and "set out specific facts showing a genuine issue for trial." *Id.* Plaintiff's response states that Defendants are liable for "letting the situation get out of control . . . ." Attached to his response are four exhibits: definitions from the Merch Manual & American Medical Association

Complete Medical Encyclopedia, and medical records from Warren County Regional Jail, Green River Correctional Complex, and Roederer Correctional Complex/NorthPoint Training Center.

The Warren County Regional Jail records indicate at most that Plaintiff requested medical attention more than once and had to wait on a medicine that was not available at the time he needed it. The records also indicate that he received regular treatment, was often given the medicine he requested, and was isolated after he was diagnosed with MRSA. The records contain an inmate grievance form in which Plaintiff states that Defendant Walkup refused to give him a cream he was required to use to treat his hair follicle disease, and that she refused to give him hydrocortisone cream because it would "make my skin fall off." The medical records from Roederer Correctional Complex and Green River Correctional Complex, from 2003 and 2005 respectively, provide background information on Plaintiff's condition and list the various drugs he received for treatment. They do not, however, allege any facts to establish deliberate indifference against Defendants.

The Court must determine if Plaintiff has created a genuine issue of material fact that Defendants were deliberately indifferent to his serious medical condition. Based on all of Plaintiff's pleadings and discovery, the Court finds that Plaintiff has failed to do so. Plaintiff has not shown that Defendants were aware of the seriousness of Plaintiff's condition and chose to disregard it. Instead, the records demonstrate that Defendants took efforts to treat Plaintiff's condition. All of the requests made by Defendant contained within the records presented show that Defendant either received requested medicine or was seen by a medical professional. Defendant Walkup explains in the medical records that she did not give Plaintiff the steroid cream he requested because it was not safe to use in areas of the body where Plaintiff intended to

6

apply it. Finally, the fact that Defendants misdiagnosed Plaintiff is insufficient to establish deliberate indifference. Therefore, Plaintiff's claim under the Eighth Amendment must fail.

Defendant argues that Plaintiff's state law claim for negligence or malpractice must also fail. Under Kentucky law, Plaintiff bears the burden of proof in establishing negligence. "Except in limited factual circumstances . . . the plaintiff in a medical negligence case is required to present expert testimony that establishes (1) the standard of skill expected of a reasonably competent medical practitioner and (2) that the alleged negligence proximately caused the injury." *Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. Ct. App. 2006). Kentucky recognizes two exceptions to this rule:

> One exception involves a situation in which 'any layman is competent to pass judgment and conclude from common experience that such things do not happen if there has been proper skill and care'; illustrated by cases where the surgeon leaves a foreign object in the body or removes or injures an appropriate part of the anatomy. The second occurs when 'medical experts may provide a sufficient foundation for *res ipsa loquitur* on more complex matters.' . . . An example of the second exception would be the case in which the defendant doctor makes admissions of a technical character from which one could infer that he or she acted negligently.

*Id.* at 170-171 (internal citations omitted). Neither exception applies in this case.

Defendants argue that Plaintiff has failed to produce an expert witness, which is required to proceed past summary judgment. *See id.* at 170 ("To survive a motion for summary judgment in a medical malpractice case in which a medical expert is required, the plaintiff must produce expert evidence or summary judgment is proper."). In response to Defendants' interrogatories, Plaintiff lists six separate doctors as experts. Despite Defendants' request for "the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion," Plaintiff fails to provide any additional information about these witnesses

other than the fact that five of the six witnesses will testify as to dermatology. Plaintiff has failed to provide any expert reports or summaries indicating that any of the listed witnesses intend to testify that Defendants breached a duty of care to Plaintiff. *See Trepanier v. Jewish Hosp. & St. Mary's Healthcare*, 2009 WL 276774, *3 (Ky. Ct. App. 2009). Plaintiff may no longer supplement his responses because the time period for pretrial discovery and disclosure has expired. Moreover, pretrial memoranda have been filed, and Plaintiff's brief failed to indicate his intention to call any expert witnesses or to supply any facts which would establish a breach of a duty of care. Therefore, Plaintiff has failed to create a genuine issue of material fact as to Defendants' duty and breach, required elements of a negligence claim. Finding no genuine issue of material fact, summary judgment must be granted.

## CONCLUSION

For the foregoing reasons, Defendant Walkup's Motion to Dismiss and/or Motion for Summary Judgment is GRANTED, and Defendant Southern Health Partner's Motion to Dismiss or for Summary Judgment is GRANTED.

An appropriate order shall issue.